UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMALIA AMEZQUITA,<br><br>           Plaintiff,<br><br>    v.<br><br>JC PENNEY CORPORATION, INC. and DOES 1 TO 25, inclusive,<br><br>           Defendants. | CASE NO. 1:18-cv-0177-AWI-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

**I. Introduction**

On January 31, 2018, Defendant JC Penney Corporation, Inc. ("JC Penney") removed this action, invoking diversity jurisdiction. Doc. 1. On March 5, 2018, Plaintiff Amalia Amezquita ("Plaintiff") filed a document styled "Opposition to … Notice of Removal…" which this Court construes to be a motion to remand. Doc. 6. Plaintiff's contentions are twofold: first, the amount in controversy does not exceed the jurisdictional amount; second, the removal was untimely. For the following reasons, Plaintiff's motion to remand will be denied.

**II. Background**

JC Penney is a Texas corporation. Doc. 1 at 2. Plaintiff, a California domiciliary, alleges that she was a customer at Defendant's Merced, California, JC Penney retail store on March 14, 2015. Doc. 1 at 9. At that store, JC Penney operated a hair salon. *Id*. Plaintiff arrived at

1

approximately 1:00 p.m. "for her scheduled Brazilian Blowout appointment…." *Id.* An unknown female employee of JC Penney washed and applied chemical to Plaintiff's hair. *Id.* "[U]pon beginning the heating process with a hand held hair dryer, Plaintiff's hair and scalp began to suffer from some kind of allegoric reaction causing severe itching and burning sensations to her scalp." *Id.* "[T]he … chemicals were scorching and sizzling into Plaintiff's hear, scalp, and head." *Id.*

Plaintiff initiated this action in the Merced County Superior Court on March 13, 2017. Doc. 1 at 6. The summons and complaint were served on JC Penney on September 20, 2017. Doc. 6 at 2. The parties dispute the date upon which Plaintiff provided a statement of damages. JC Penney contends that the statement of damages was not served until January 30, 2018. Doc. 1 at 2. Plaintiff contends that the statement of damages was served along with the complaint on September 20, 2017. Doc. 6 at 2; Doc. 6-1 at 2-3. It is undisputed that the statement of damages, dated August 31, 2017, listed an amount in controversy exceeding $1,000,000.00. *See* Doc. 1 at 14.[1]

On January 31, 2018, JC Penney removed this action to this Court. Doc. 1. Thirty one days later, on March 5, 2018, Plaintiff filed a motion to remand. After removal of the action, Plaintiff appears to have completed an amended statement of damages seeking at least $50,000.00 in known damages and additional future medical expenses "according to proof." Doc. 6-1 at 32.

### III. Legal Standard

A defendant may remove an action from state court to the district court for the district and division embracing the place where the action is pending if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A strong presumption against removal exists, requiring the proponent of federal jurisdiction to prove that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts as to removability should be resolved in favor of remand. *Matheson v.*

---

[1] JC Penney indicates that Plaintiff "claimed general damages in the amount of $100,000.00," referring to the statement of damages that clearly lists the amount sought as $1,000,000.00. The Court assumes that JC Penney made a typographical error.

2

*Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A plaintiff may file a motion to remand based upon an absence of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c); *see* Fed. R. Civ. P. 12(h). However, a motion to remand challenging a procedural defect in removal must be filed within thirty days of the notice of removal. 28 U.S.C. § 1447(c).

## IV. Discussion

Plaintiff's first argument—that Defendant's removal was untimely—is waived. JC Penney removed this action on January 31, 2018. In order to have been timely as to that non-jurisdictional question, Plaintiff's motion should have been filed by March 2, 2018. Plaintiff's motion was not filed until March 5, 2018. Accordingly, Plaintiff's challenge is waived. 28 U.S.C. § 1447(c); *SWC Inc. v. Elite Promo Inc.*, 234 F.Supp.3d 1018, 1022 (N.D. Cal. 2017).

Next, Plaintiff contends that the amount in controversy does not exceed $75,000.00. For that proposition Plaintiff relies upon a newly filled amended statement of damages form and discovery responses regarding the amount of medical expenses incurred as of January 24, 2018. Defendant, for its part, relies upon Plaintiff's original statement of damages, seeking $500,000.00 for "pain, suffering, and inconvenience," and $500,000.00 for "emotional distress," in addition to undisclosed amounts for present and future medical expenses, loss of earnings, and interest. Doc. 6-1 at 3.

When "removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy…." 28 U.S.C. § 1446(c)(2). If jurisdictional amount is not met based on allegations of the original pleading, the Defendant may rely upon discovery responses or any other information in the state record regarding the amount in controversy. *See* 28 U.S.C. § 1446(c)(3)(A).

Due to the lack of clarity regarding when the statement of damages was served on JC Penney, it is unclear whether that statement was incorporated as part of Plaintiff's initial pleading. In any event, the amount alleged in Plaintiff's original statement of damages is presumptively sufficient to meet the amount in controversy requirement unless it appears to a

3

legal certainty that Plaintiff cannot actually recover that amount. *Guglielmino v. McKee Foods Corp*, 506 F.3d 696, 699 (9th Cir. 2007); *Williams v. Costco Wholesale Corp*, 471 F.3d 975, 976 (9th Cir. 2006); *Zubair v. L'Oreal USA, Inc.*, 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010) (denying motion to remand where plaintiff's statement of damages, filed separately from the complaint, sought over $400,000). A court can find legal certainty only where "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel–Las Vegas*, Inc., 802 F.2d 362, 364 (9th Cir. 1986). As a district court in this district recently explained:

> Where the state complaint alleges on its face an amount in controversy that meets the federal jurisdictional threshold, courts regularly find the amount in controversy requirement satisfied. *See Hill v. Hill–Love*, 509 Fed. App'x 605, 606 (9th Cir. 2013) (ignoring plaintiff's "belated attempt to avoid federal jurisdiction" and denying motion to remand where state complaint expressly alleged damages exceeding $100,000); *Perez v. Hermetic Seal Corp*.[], 2016 WL 5477990, [] *2 (C.D. Cal. Sept. 27, 2016) (denying motion to remand where state complaint included $250,000 demand, despite plaintiff's argument that it was a typographical error and he intended to seek only $25,000); *Wilder v. Bank of Am., N.A*.[], 2014 WL 6896116, [] *4 (C.D. Cal. Dec. 5, 2014) ("In her complaint, Wilder seeks damages of 'not less than $1,500,000.' Wilder cannot simply disavow this allegation that was included in her state court complaint."); *Woodard v. Wells Fargo Bank*, N.A., [] 2014 WL 3534086, *2 (C.D. Cal. July 16, 2014) (denying a motion to remand because "[t]he amount in controversy exceed[ed] $75,000 as evidenced by Woodard's prayer for relief of $1,500,000 in the Complaint"); *BNSF Ry. Co. v. San Joaquin Valley R.R. Co*., [] 2008 WL 5046059, *3 (E.D. Cal. Nov. 21, 2008) (denying a motion to dismiss for lack of subject matter jurisdiction because "it [did] not appear to a legal certainty that BNSF's claims are really for less than $75,000"). In short, where a complaint in a diversity jurisdiction case expressly seeks damages beyond $75,000, remand based on the amount in controversy is rarely appropriate.

*Acosta v. Evergreen Moneysource Mortgage Company,* 2017 WL 3433205, *2 (E.D. Cal. Aug. 10, 2017); *see also Kaminkski-Albrigh v. Sunbeam Products Inc.*, 2017 WL 5006426, *4 (C.D. Cal. Oct. 30, 2017) (finding that defendants' receipt of a statement of damages exceeding the jurisdictional amount rendered the case removable outside of the original 30-day period). Plaintiff sought $1,000,000.00 in damages. The fact that she now seeks to disavow that claim in "a belated attempt to avoid federal jurisdiction" is of no import. *Hill*, 509 Fed.App'x at 606. Plaintiff has not proved, and indeed cannot prove, that any rule of law prevents her from

4

recovering more than the amount now sought in her amended statement of damages. In fact, the amended statement of damages itself leaves open the possibility that plaintiff will incur additional medical expenses (in addition to the $50,000.00 amount alleged for other categories of damages). Doc. 6-1 at 32.

The Court has original jurisdiction over Plaintiff's claim pursuant to section 1332. Accordingly, Plaintiff's motion to remand will be denied.

**V. Order**

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: March 7, 2018

SENIOR DISTRICT JUDGE